People v. McCray is next on the docket. You're scaring your opposition off again, aren't you? Boy, they don't want to tangle with you. Thank you, Your Honor. I mean, it is what it is, right? It is what it is, absolutely. The attorneys are advocates, and I'm here to advocate for the state. My name is Timothy James Ting. As you noted, my opposing counsel has waived the oral argument, but again, my opposing counsel chose to go to a reply brief, so I'm going to reply to that reply brief. Now, the opposing counsel, the main issue that she emphasizes is this, or that he emphasizes is this. The trial court did not make an adequate inquiry on the defendant's motion for a substitution of attorney because the trial court did not address every specific claim for why the defendant was entitled to his motion for substitution. Now, Your Honors, I'll just start out with a basic law known as the Prinkle Inquiry, and it is as such. The trial court can make a determination whether new counsel should be appointed with the following factors, and I quote, one, on the trial counsel's answers and explanations, two, on a brief discussion between the trial court and the defendant, and three, on its knowledge of the defense counsel's performance at trial and the insufficiency of defense allegations on their face. That's the rule of law. That's the operating rule of law, and everyone agrees on it. Here from the record, the trial court did all three things. As you can find on page 173 to 174 of the record, the trial court gave the defendant an opportunity to explain himself. As you can find on page 174 of the record, the trial court gave the defendant's attorney an opportunity to explain himself. And as you can find on pages 54 and 55 of the record, the trial court had an intimate knowledge, personal knowledge, of the allegation that the defendant had raised before the trial court. The specific issue was that he should have had a motion to suppress on a particular videotaped statement of the defendant. And the defendant claims there should have been a motion to suppress because he was in prison for the time. Now, the – he said I was under influence of marijuana, and the threats were made on the videotaped statement. The court then asked the defendant, and I quote, are there any other reasons why you believe that you had ineffective assistance of counsel? And the defendant replies, that's it, sir. The defendant makes no other claim at the opportunity where – When he said that, could he have been referring to what's in my written document, that's it, what I've put down? Absolutely. I believe that's what he was referring to. In his written document, he had several claims, a litany of claims. As the defendant concedes, though, on page 14 of the record, some of those claims, even the defendant in his appellate brief says, are not meritorious. They're insufficient on their face. So the defendant was saying at his trial, when the trial court was specifically addressing him in person, is there anything else you want to consider? And the defendant says that's it. And the trial court's ruling on the specific issue of the motion to suppress, which he did address, was clarified in the record. And it's shown on page 54 and 55, and I quote, Judge, to clarify – and this is the assistant state's attorney talking – there was a statement, a videotaped statement, numerous videotaped statements, given by the defendant that the defense, it's my understanding, does not wish to contest and does not wish to file any type of motion to suppress statements, having the court review these statements. The court responds, do you concur? The defendant's attorney says, yes, sir. The court then says, can you talk to these issues with your client? The defendant's attorney says, we have your honor. Then the court actually addresses the defendant, just to make sure, going above and beyond that. It says, Mr. McRae, do you have any issues about the motion to suppress or any other motions that Mr. Cueto, his attorney, advised you to file? And the defendant's response, no, sir. The court then again asks the defendant. So again, not to change your opinion, just to make sure, I'm sure, just to make sure, understanding all these issues, do you wish to preside, proceed to trial on money? The defendant, again, yes, sir. The defendant's words speak for themselves. The trial court clearly made an adequate inquiry, and therefore, this court need no further review. Now, the defendant still states in his reply brief, though, and his initial brief, there are several issues that are meritorious. While he concedes some of the issues are not meritorious, he still says there are three specific issues that were meritorious. One, that the defendant was entitled to all discovery material. Two, that the defendant was entitled to a fitness hearing. And three, that the defendant's allegation that his attorney should have impeached two witnesses at trials shows ineffective assistance of counsel. Your honors, these are all well-settled principles of law. The first, that the defendant is entitled to all discovery material, has been clearly rebutted by several cases, which I've named in the brief. Davidson, Hobson, James, Savage, and the list goes on and on and on. As Davidson court held, and I quote, a trial counsel's decision whether to provide his client with discovery materials constitutes a matter of trial strategy, and that judgment ultimately lies with counsel's discretion. Wasn't there a – I mean, at one point there was a split among the appellate districts on that issue. Yes, there was, Your Honor. And has that been resolved by the Illinois Supreme Court? As the defense shows, the – well, the district which he splits doesn't actually say it's overturned. And so there's a yellow flag on the West Lawn. But when we look at the precedent or the shepherdized precedent, the cases that cite that case, we find absolutely zero. No case goes with that district's ruling. All the cases go with the Davidson ruling. And as I stated, there is a plethora of authority for this court to use as its support. So what you're saying is there's one case out there that says that? There is one case, and the state will not deny that. But again, if we look at the law as it is, the current state of the law – because these cases are from 2005, 2005, 2007, 1997. The Finn's case is very old. Like, I don't know the exact date of it, but it's been a while since it was instituted. Moreover, as the defendant's second claim that he should have had a fitness hearing, again, there has to be a bona fide doubt, very clear rule of law, bona fide doubt that the defendant was mentally unfit to understand the judicial proceedings. Here, there is absolutely no indication that the defendant ever – never understood his proceedings. In fact, the defendant, by his actions, shows the opposite. On pages 16 and 17 of the record, on pages 21 of the record, and on pages 145 and 158 of the record, the defendant makes several pro se documents throughout the proceedings, even though he's represented by counsel as far as his self-titled motions. The defendant clearly knew what was going on here. And the trial court was in the best position to judge and adjudicate the defendant's mannerisms to see if he truly was – had a bona fide doubt of unfitness. Lastly, the defendant's third claim that he – that the trial counsel was ineffective because he failed to impeach two witnesses, again, is settled by a clear rule of law. As the claim court states, and I know it, the decision whether to cross-examine or impeach a witness is generally a matter of trial strategy that will not support a claim of ineffective assistance of counsel. Now, the defendant states there is rule of law out there, however, that states that if it's a key witness and it's the sole key witness, the failure to impeach that witness when there is an opportunity presented is ineffective assistance of counsel. What the defendant fails to acknowledge, however, is that the two witnesses that he claims in his motion for substitution were merely supplemental witnesses. All they did was to kind of place the defendant at the scene, not the particular crime scene but at that particular part of town as he was escaping. If we exclude the entirety of those two witnesses' testimony, the state still had such evidence, and I should. The defendant confessed to the murder. That's a pretty big one. People's Exhibit 29 and 30 as well as on the page of the Record 349. Two, the knife found at the crime scene matched the striation remarks that severed the victim's spine, and you can find this on 433 to 442 on the Record. Three, two of the DNA samples found on the knife matched the victim and the defendant as found on 478 to 45 of the Record and 488. Four, one of the gel-less machine prints discovered in the victim's house matched the defendant's Air Jordans, which were discovered on the defendant's house, which you can find on 505 of the Record. And finally, the testimony of the victim's daughter when she discovered her mother dead on the floor bleeding profusely stated, oh, my God. And when the defendant was interviewed by the officers, he stated that he did acknowledge there was someone who stated, oh, my God, which made him flee the house. That's corroborated testimony that clearly puts him at the scene. All of that evidence combined shows clearly the state proved beyond a reasonable doubt that the defendant should have been convicted of this murder. Therefore, even if one or any of these claims, which the defendant makes in his motion for substitution, that the trial court didn't make an adequate inquiry, there's still harmless error analysis. The defendant clearly, from that left row of evidence, shows that he committed the crime beyond a reasonable doubt. So even if the trial court didn't make an adequate inquiry, it still shows that its error was harmless. Your Honors, in conclusion, to require a trial court to delve into every issue a defendant makes on a motion for substitution of a new attorney would needlessly waste the time and resources of the judiciary. Trial courts are not complaint boxes where defendants can throw anything out there and expect the trial courts to needlessly go and find analyses when there is a foregone conclusion in front of them. The defendant had his opportunity to explain himself, and the trial court specifically asked him, is there anything else you want to address? That is the definition of a crankle inquiry. The trial court satisfied its requirement under the crankle cases of law, and there's nothing further, if you have nothing further to add as far as questions, the state will rest on that. Thank you, Counsel. Thank you, Your Honors. We're going to take about a very short break.